I generally agree with the conclusion expressed by the majority, but not some of its reasoning. In essence, it concludes that appellant's C-1 and C-86 applications, the latter one for an additional condition and disability compensation filed on October 16 and December 13, 1991, respectively, were timely, and adequate notice had been presented to the Bureau of Workers' Compensation by virtue of the communications exchanged between appellant and the Bureau between September 2 or 3, 1991, and September 16, 1991, regarding what I believe is more precisely characterized as an additional condition to his L4-5 vertebrae. Parenthetically, appellant's counsel appears to have filed the foregoing dual motions as a procedural safeguard; however, the C-86 motion was clearly the only relevant and appropriate request based on the underlying facts in this case. It is my position that embellishment with respect to this analysis is most appropriate.
Again, I share the view expressed by the majority that denying consideration of appellant's additional condition and the right to further participate for this injury under the act, based upon an untimely filing position, as espoused by the Industrial Commission and the trial court, would clearly defeat the legislative intent and purpose of the statutory law in this area.
Relying on the record in this case, it is evident, and unequivocally manifested, that the requested disability benefits flow from an independent and a clearly established additional condition which was timely communicated. It is also clear here that appellant's application for temporary total benefits stem independently from the additional condition, and not from the original underlying condition. It follows that the appellant's C-1 and C-86 applications for an additional condition and disability compensation filed on October 16 and December 13, 1991, respectively, are predicated on appellant's physician's post-operative report which was issued soon after September 6, 1991.
Thus, under the applicable workers' compensation law, no order from the Industrial Commission to process this claim is required until there is a determination with respect to the merits of the additional condition advanced here. It is this writer's understanding that the Industrial Commission's ability to process a claim, such as the one advanced here under appellant's C-86 motion for temporary total benefits, is non-existent until the requested additional condition is properly allowed.
Again, my impression of the record before us is that the injury claimed here now is more correctly described as an additional condition to the same body part that was initially diagnosed during the surgery performed on September 6, 1991, as a result of the complaints of appellant which occurred on August 30, 1991.
Whether the surgery was one prompted by an "emergency situation," or a required set of circumstances; or whether the injury was an additional condition or a flow-through one simply does not control the outcome here because, under the facts of this case, the result would be the same since the date of the approval of the surgery in question, namely September 4, 1991, should be viewed to be timely under either characterization of the injury in question. The claim would, thus, not be time barred under the pertinent statute.
Further, this writer agrees entirely with the majority's conclusion to cause the reversal of this case and its remand to the trial court with appropriate instructions to have that court properly review the additional condition claim on its merits. This analysis results because the matter was in the trial court on a trial de novo basis before the appeal to this court obtained. See R.C. 4123.512 and its applicable predecessor. Thus, this type of mandate appears cogently logical before any subsequent administrative involvement occurs. _________________________________ PRESIDING JUDGE DONALD R. FORD